IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br><br>        Plaintiffs,<br><br>v.<br><br>ERNIE SHAW,<br><br>        Defendant. | 1:05CV00839 |

DEFAULT JUDGMENT

This matter is currently before the Court on Plaintiffs' Motion for Default Judgment [Doc. #9]. For the reasons set forth below, the Motion for Default Judgment is GRANTED and Judgment shall be entered for the Plaintiffs in the amount of Six Thousand Dollars ($6,000.00).

I.

Plaintiffs filed the Complaint in this action on September 23, 2005, asserting a cause of action for copyright infringement. Plaintiffs assert that Mr. Shaw, "without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download" certain copyrighted recordings,

1

to distribute those recordings to the public, and/or to make the recordings available for distribution to others. [Doc. # 1 ¶ 14]. The copyrighted recordings at issue in this case are as follows: (1) "Old Time Rock & Roll," on album Stranger in Town, by artist Bob Seger (SR# 5-591); (2) "Getting Jiggy Wit It," on album Big Willie Style, by artist Will Smith (SR# 249-123); (3) "Runnin' With the Devil," on album Van Halen, by artist Van Halen (SR# 239); (4) "Black Balloon," on album Dizzy Up the Girl, by artist Goo Goo Dolls (SR# 246-538); (5) "The Power of Love," on album The Colour of My Love, by artist Celine Dion (SR# 191-558); (6) "My Favorite Mistake," on album The Globe Sessions, by artist Sheryl Crow (SR# 279-383); (7) "Hit 'Em Up Style (Oops!)," on album So Blu, by artist Blu Cantrell (SR# 300-390); and (8) "When I Said I Do," on album D' Lectrified, by artist Clint Black (SR# 270-778) (collectively, the "Recordings").

Mr. Shaw has neither filed an Answer to the Complaint nor otherwise made an appearance in this matter. Upon motion of the Plaintiffs, default was entered by the Clerk on November 16, 2005. In the instant motion, Plaintiffs seek the entry of Default Judgment awarding statutory damages as well as injunctive relief.

II.

Default judgment is governed by Rule 55(b), which provides that "[w]hen the plaintiff's claim against a defendant is for a sum certain . . . the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been

2

defaulted for failure to appear and is not an infant or an incompetent person." Rule 55(b)(1). In circumstances where there the sum is not certain or where there is evidence to suggest that the defendant was incompetent or an infant, Rule 55(b)(2) applies, requiring that default can only be make by a court.

In this case, Plaintiffs seek the minimum statutory damages of $750 per infringed work, as authorized under the Copyright Act (17 U.S.C. § 504(c)(1)), for each of the eight Recordings. For the infringement of the eight Recordings, Plaintiffs are entitled to the entry of Judgment in the total principal sum of Six Thousand Dollars ($6,000.00).

In addition, Defendant is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted Recordings as well as in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Further, Defendant shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without

3

Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

This the 24th day of September, 2007.

<u>/s/ N. Carlton Tilley, Jr.</u>
United States District Judge